**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLENE BALES,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant-Appellee.

No.    15-35904

D.C. No. 3:14-cv-01553-HZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted April 24, 2017[**]

Before:    GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Charlene Bales appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Bales's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the

district court's decision de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir.

2014), and we affirm.

Bales contends that two medical reports she submitted to the Appeals

Council are part of the administrative record before this court. We disagree.

Because the Appeals Council did not consider Bales's new medical records, this

evidence did not become part of the administrative record. *See Brewes v. Comm'r*

*of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-63 (9th Cir. 2012) (concluding that new

evidence became part of the record for judicial review where the Appeals Council

incorporated the new evidence into the record and considered it in deciding

whether to review the ALJ's decision). Here, the Appeals Council decision: (a)

communicates the Appeals Council's determination that Bales's new medical

records did not "relate to the period on or before the date of the administrative law

judge hearing decision" and (b) advises Bales of her right to file a new application.

*See* 20 C.F.R. 404.970(c).

Bales has not met her burden of demonstrating materiality and good cause

for remand under 42 U.S.C. § 405(g). *See Mayes v. Massanari*, 276 F.3d 453, 462

(9th Cir. 2001). Bales argues that the new medical records are "retrospective in

nature," but the records do not indicate that they relate back to the relevant period.

2

Bales contends that the Hearings, Appeals, and Litigation Law Manual

("HALLEX") supports the conclusion that the new medical records were material,

but "HALLEX does not have the force and effect of law," and, moreover, this court

"will not review allegations of noncompliance with the manual." *Moore v. Apfel*,

216 F.3d 864, 869 (9th Cir. 2000).

Bales also contends that the ALJ erred in finding her symptom testimony

less than fully credible. We disagree. The ALJ provided specific, clear and

convincing reasons supported by substantial evidence for giving little weight to

Bales's testimony regarding the severity of her symptoms and limitations. *See*

*Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("[T]he ALJ may consider

inconsistencies either in the claimant's testimony or between the testimony and the

claimant's conduct."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008)

(concluding that a claimant's response to conservative treatment undermined his

reports of disabling pain); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)

(explaining that record medical evidence is a relevant factor in determining the

severity of a claimant's pain). Any error in the remaining reasons the ALJ offered

for giving little weight to Bales's testimony was harmless. *See Carmickle v.*

*Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

3

The ALJ provided two germane reasons supported by substantial evidence for assigning little weight to the opinions of Bales's naturopathic treatment provider, Trevor Elliott, N.D., who is not an "acceptable medical source" under the Social Security regulations, 20 C.F.R. § 416.913(a): (1) his assessments are inconsistent with the objective medical evidence, including his own treatment records, *see Tommasetti*, 533 F.3d at 1041 (concluding that the incongruity between a physician's opinions and her medical records provided a specific and legitimate reason for rejecting her opinion of the claimant's limitations); and (2) his opinions appear to be based primarily on Bales's self reporting of her symptoms rather than on objective medical evidence, *see id.* ("An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." (internal quotations and citations omitted)).

Finally, Bales has not shown that her mental impairments or her radiculopathy are medically determinable impairments that would constitute separate severe impairments at step two in the sequential evaluation process, *see Bowen v. Yuckert*, 482 U.S. 137, 145 (1987), and substantial evidence supports the ALJ's formulation of an residual functional capacity assessment that took into account those limitations for which there was record support and did not depend on

4

Bales's subjective complaints. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**AFFIRMED.**